## WILLIAMS *v.* HANKS.

ATKINSON, J. S. T. Hanks brought complaint for land against Dave Williams. The title relied on by the plaintiff for a recovery began with a deed from the defendant to J. A. Flournoy, and extended by mesne conveyance to himself. The defendant attacked, as a forgery, the deed purporting to be from himself to Flournoy; and testified that he bought the land from J. A. Flournoy for $800, paid the purchase-money, and received a deed from J. A. Flournoy to the premises, that he never signed any paper except a mortgage to J. A. Flournoy, with power of sale, dated February 7, 1885, which was two days junior in date to the pretended deed from defendant to Flournoy, and that he had lived upon the premises since the date of his purchase from Flournoy, a period of thirty years. The court instructed the jury: "The case, as it now presents itself, gentlemen, has only one issue for you to determine, and that is whether or not the defendant executed the deed which has been introduced in evidence. The plaintiff relies on that deed for title, and the defendant says it is a mortgage. That is the only issue that is now left in the case for you to pass upon." *Held:*

1. Whether the primary deed in the plaintiff's chain of title was a forgery or not was a substantial issue raised in the case; and the charge was erroneous because it confused, if it did not entirely eliminate, this issue.

(*a*) The relevancy of the mortgage was to show that the deed upon which plaintiff relied was a forgery, inasmuch as it was not likely that J. A. Flournoy, the grantee in such deed, would subsequently take a mortgage upon the premises from the defendant. Under the circumstances we think there was error in the charge sufficient to require a new trial, in order that the issue of forgery may be better presented.

2. On the trial of the question of forgery, as indicated in the preceding note, it was not competent to prove by an agent of the alleged grantee named in the deed that the price asked for the land generally of the grantee (it appearing that he owned other lands in the community), during the time the witness was acting as agent, was much under the actual value thereof.

3. Other assignments of error are without merit, and not of such character as will require elaboration.

4. The charge as a whole in no way tended to relieve the confusion created by the erroneous instruction referred to in the first headnote.

*Judgment reversed. All the Justices concur.*
JULY 17, 1914.

Equitable petition. Before Judge Conyers. Camden superior court. March 1, 1913.

*H. Roy Lang* and *John J. Moore,* for plaintiff in error.
*S. C. Townsend,* contra.